[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15198
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cv-00584-RH-CAS

APRIL K. HOLMES,

Plaintiff-Appellant,

versus

JEFFERSON COUNTY SCHOOL DISTRICT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 29, 2016)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

April Holmes appeals the district court's grant of summary judgment to the Jefferson County School District in her employment discrimination suit. The district court concluded that Ms. Holmes failed to show that the District's proffered reasons for the nonrenewal of her contract were pretext for race discrimination. After review of the record and consideration of the parties' briefs, we affirm.

## I

Ms. Holmes, a black female, began her work with the Information Technology department of the District in 2009 as an IT technician. In 2011, the District hired Kenneth Mitchell, a black male, as an IT technician. Soon after Mr. Mitchell's hiring, substantial conflicts arose between Ms. Holmes and Kenneth Stubbs, a white male who had worked for the District's IT department for roughly 30 years.

These conflicts led to two meetings with the District's administration, including the then-Superintendent, Bill Brumfield. The conflicts persisted, however, and in some instances escalated.

In 2012, Albert Cooksey was elected as the new Superintendent of the District. Mr. Cooksey was aware of the conflicts in the IT department and decided to "clean house." Mr. Cooksey recommended that the school board not renew the annual contracts of Ms. Holmes and Mr. Mitchell, but did recommend that the board renew the contract of Mr. Stubbs based on his greater level of experience

and Mr. Cooksey's belief that he was not a part of the conflicts within the IT department. Ms. Holmes' contract was not renewed, and her employment with the District ended in 2013.  Ms. Holmes sued the District under Title VII, alleging race discrimination.

## II

The district court granted the District's motion for summary judgment on Ms. Holmes' Title VII claims. The court implemented the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and determined that, although Ms. Holmes had established a *prima facie* case for race discrimination, the District had presented the following legitimate nondiscriminatory reasons for Holmes' nonrenewal: (1) Mr. Cooksey believed that he needed to "clean house" to resolve the IT department's internal issues; and (2) Mr. Cooksey was concerned with Ms. Holmes' work ethic and job performance based on observations that Ms. Holmes and Mr. Mitchell often worked together rather than independently to best serve the needs of the District, and his perception of problems with the maintenance of technology equipment for which IT technicians were responsible. The district court concluded that Ms. Holmes had failed to show that the proffered reasons were pretexts for race discrimination.

3

## III

We review a district court's grant of summary judgment *de novo*, applying the same legal standard used by the district court and drawing all factual inferences in the light most favorable to the nonmoving party. *See Johnson v. Bd. of Regents*, 263 F.3d 1234, 1242–43 (11th Cir. 2001). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the nonmoving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation omitted). In order to overcome a motion for summary judgment, the nonmoving party must present more than a mere *scintilla* of evidence supporting its position, and instead must make a sufficient showing that a jury could reasonably find for that party. *See Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala.*, 446 F.3d 1160, 1162 (11th Cir. 2006).

Title VII makes it an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, in part because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1).  When a Title VII plaintiff relies on circumstantial evidence, courts may use the burden-shifting framework established in *McDonnell Douglas*, 411 U.S.

4

792 (1973).  Under this framework, if a plaintiff establishes a *prima facie* case of discrimination and the defendant-employer produces a "legitimate nondiscriminatory reason" for the action taken against the plaintiff, the plaintiff must show that the employer's proffered reasons are merely pretextual.  *See Ezell v. Wynn*, 803 F.3d 1217, 1226 (11th Cir. 2015). A reason is not pretextual unless the plaintiff shows it is false, and that discrimination was the true reason for the action against the employee. *See Brooks,* 446 F.3d at 1163. The employee must confront the employer's seemingly legitimate reason "head on and rebut it." *Chapman v. AI Transp.*, F.3d 1012, 1030 (11th Cir. 2000) (en banc). The inquiry is not whether an employee was guilty of misconduct, but whether the employer in good faith believed that the employee had done wrong and whether that belief was the reason for the termination.  *See Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991).

## IV

Ms. Holmes is unable to show that the proffered reasons presented by the District for the nonrenewal of her contract were pretextual.

As to the District's first proffered reason for the nonrenewal—that Mr. Cooksey needed to "clean house" in order to resolve the IT department's performance and personnel problems, but decided to only retain Mr. Stubbs, the only white individual in the department—Ms. Holmes does not dispute that there

5

was conflict within the department.  Nor does she dispute that Mr. Stubbs had more experience than she did.

As for the District's second proffered reason—that Mr. Cooksey had issues with Ms. Holmes' work ethic and job performance—Ms. Holmes argues that Mr. Cooksey lacked sufficient knowledge about the job descriptions and day-to-day responsibilities of an IT technician in order to make such an assessment. Ms. Holmes also maintains that she only had one job performance review and that it was positive. The inquiry, however, is not whether Ms. Holmes' work performance was in fact deficient, but rather whether Mr. Cooksey in good faith believed that Ms. Holmes' work performance was poor and that such belief was the reason for her nonrenewal. *See Elrod*, 939 F.2d at 1470. Ms. Holmes stated that she had no reason to dispute that Mr. Cooksey believed that she had performance problems.

With regards to the fact that all of the IT department employees displaced by the District were African-American and replaced with white individuals, we agree with the district court that the sample size is too small to conclude without more that this shows causation rather than coincidence. Further, the record demonstrates that the first person Mr. Cooksey recommended to fill one of the recently vacant IT technician positions was African-American.

## V

Ms. Holmes failed to show that the District's proffered reasons for nonrenewal of her contract were pretextual. We therefore affirm the district court's grant of summary judgment.

**AFFIRMED.**